# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

TPS INTERNATIONAL, INC.,
a Wisconsin corporation,

        Plaintiff,

  v.                                             Case No. 03-C-0652

FAMAR, S.r.l., an Italian corporation, and
EURO-TECH ELITE, a Michigan corporation,

        Defendants.

## ORDER

Plaintiff TPS International, Inc. ("TPS") entered into a settlement agreement with defendant Famar, S.r.l. ("Famar") and filed a stipulation and order for dismissal on May 24, 2005. On June 6, 2005, the court signed the order for dismissal and Famar was terminated from this action. On June 9, 2005, the court ordered TPS and the remaining defendant, Euro-Tech Elite ("Euro-Tech"), to file a proposed scheduling order. Euro-Tech's counsel, however, moved to withdraw, stating that Euro-Tech did not oppose the motion and that Euro-Tech anticipated retaining new counsel within thirty days. On July 28, 2005, the court granted the motion to withdraw as counsel. On October 13, 2005, after no new counsel appeared on Euro-Tech's behalf and after the parties still had not submitted a scheduling order, the court ordered Euro-Tech to secure counsel on or before October 21, 2005, and directed the parties to submit a proposed scheduling order on November 1, 2005. The court warned the parties that "[f]ailure to comply with this order may result in sanctions against the parties." On November 4, 2005, TPS wrote a letter to the court indicating that it could not comply with the court's order to submit a scheduling order

because Euro-Tech had not retained counsel. TPS indicated that it would attempt to contact Euro-Tech to determine the status of Euro-Tech's retention of counsel. On March 9, 2006, the court received a letter from Euro-Tech's president, Jeff Walz, who stated that TPS contacted him recently to discuss settlement and that he has resumed his search for counsel.

It appears to the court that TPS is not diligently prosecuting this action. TPS has not communicated with the court since early November 2005 despite the court ordering the parties to file a proposed scheduling order on or before November 1, 2005. Although Euro-Tech has contributed to the delay by failing to retain counsel, TPS has not moved for entry of default or for sanctions. TPS has not demonstrated any effort to prosecute this action after Famar was dismissed on June 6, 2005. The court will dismiss this action with prejudice for lack of diligence. *See* Civil L.R. 41.3 ("Whenever it appears to the Court that the plaintiff is not diligently prosecuting the action, the Court may enter an order or dismissal with or without prejudice. Any affected party can petition for reinstatement of the action within 20 days.").

Accordingly,

**IT IS ORDERED** that this action be and the same is hereby **DISMISSED** with prejudice for lack of diligence.

The clerk of court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 18th day of April, 2006.

BY THE COURT:

s/J.P. Stadtmueller
J.P. STADTMUELLER
U.S. District Judge